IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAEL SAMONTE, | ) | CIV. NO. 05-00507 HG-KSC |
| | ) | |
|     Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
|   vs. | ) | TO GRANT MOTION TO DISMISS |
| | ) | |
| CLAYTON FRANK, et al., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS**

Before the court is Defendant Governor Linda Lingle's motion to dismiss ("Motion") *pro se* Plaintiff Lael Samonte's prisoner civil rights complaint.  This proceeding has been designated to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and 636(b)(3) and Rule LR72.4 of the Local Rules of Practice of the United States District Court for the District of Hawaii.  This matter is suitable for disposition without a hearing pursuant to LR7.1(d).

This court finds and recommends that the Motion be granted with respect to all claims against Defendant Governor Lingle and that she be dismissed from this action.  The court further finds and recommends that all Defendants be dismissed in their official capacities and that certain claims for injunctive relief, as detailed below, be dismissed.

**DISCUSSION**

Samonte is incarcerated at Florence Correctional Center
("FCC"), located in Florence, Arizona.  Samonte alleges that he
was transferred to FCC in retaliation for having filed numerous
inmate grievances, complaints, and civil rights lawsuits against
prison officials.  Samonte also alleges that Defendants have
harassed and threatened him in retaliation for filing these
grievances and lawsuits.  Samonte alleges that Governor Lingle is
liable for his claims because he wrote to her about his
allegations and she did not respond.  Samonte names Governor
Lingle in her official and individual capacities and seeks
compensatory and punitive damages, and injunctive relief.

**LEGAL STANDARD**

I.   Rule 12(b)(1)

A plaintiff has the burden of proving that jurisdiction does
in fact exist.  Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs.
Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Standing pertains to
this court's subject matter jurisdiction.  This court therefore
analyzes a plaintiff's standing to assert his or her claims under
Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See White
v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

Under Rule 12(b)(1), the court may dismiss a complaint when
its allegations are insufficient to confer subject matter
jurisdiction.  Alternatively, the court may dismiss a complaint

under Rule 12(b)(1) when the facts that would give rise to its subject matter jurisdiction are disputed.  See Thornhill Publ'g Co., 594 F.2d at 733.

When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint.  See Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005); Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

In a factual attack on the court's subject matter jurisdiction, the court examines the truth of the allegations invoking the court's jurisdiction.  See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, --- U.S. ---, 125 S.Ct. 1973 (2005).  In such a factual attack, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the existence of subject matter jurisdiction.  In a factual attack on this court's jurisdiction, this court may accept and evaluate evidence to

determine whether jurisdiction exists.  See id.; Thornhill, 594
F.2d at 733.

II.  Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure
permits dismissal of a complaint when it fails "to state a claim
upon which relief can be granted."  Under Rule 12(b)(6), review
is generally limited to the contents of the complaint.  Sprewell
v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001);
Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If
matters outside the pleadings are considered, the Rule 12(b)(6)
motion is treated as one for summary judgment.  See Keams v.
Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997);
Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However,
courts may "consider certain materials--documents attached to the
complaint, documents incorporated by reference in the complaint,
or matters of judicial notice--without converting the motion to
dismiss into a motion for summary judgment."  United States v.
Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Documents whose
contents are alleged in a complaint and whose authenticity is not
questioned by any party may also be considered in ruling on a
Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d
449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of
material fact are taken as true and construed in the light most

4

favorable to the nonmoving party.  <u>Fed'n of African Amer.</u>
<u>Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir.
1996).  However, conclusory allegations of law, unwarranted
deductions of fact, and unreasonable inferences are insufficient
to defeat a motion to dismiss.  <u>Sprewell</u>, 266 F.3d at 988; <u>Syntex</u>
<u>Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).
Additionally, the court need not accept as true allegations that
contradict matters properly subject to judicial notice or
allegations contradicting the exhibits attached to the complaint.
<u>Sprewell</u>, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1)
lack of a cognizable legal theory, or (2) insufficient facts
under a cognizable legal theory.  <u>Balistreri v. Pacifica Police</u>
<u>Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v.</u>
<u>Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir.
1984)).  A motion to dismiss may also be granted if an
affirmative defense or other bar to relief is apparent from the
face of the complaint, such as a statute of limitation.  <u>Imbler</u>
<u>v. Pachtman</u>, 424 U.S. 409 (1976).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege two essential elements: (1) that a right secured by the
Constitution or laws of the United States was violated, and
(2) that the alleged violation was committed by a person acting

under color of law.  West v. Atkins, 487 U.S. 42, 48 (1988).

I.   Defendants Are Immune From Suit in their Official
     Capacities.

     The Eleventh Amendment bars damage actions against state

officials in their official capacities.  See Doe v. Lawrence

Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).  In

addition, "neither a State nor its officials acting in their

official capacities are 'persons' under [42 U.S.C.] § 1983."

Will v. Michigan Dep't State Police, 491 U.S. 58, 71 (1989)

(citation omitted); Lawrence Livermore Nat'l Lab., 131 F.3d at

839.  Samonte names all Defendants to this action in both their

official and individual capacities.  As Defendants are immune

from suit for damages in their official capacities, the court is

without jurisdiction over these claims.  This court FINDS and

RECOMMENDS that damage claims against all Defendants in their

official capacities be DISMISSED.  See also 28 U.S.C.

§ 1915(e)(2)(iii).

     This holding does not bar Samonte's claims for prospective

declaratory or injunctive relief against any Defendant acting in

an official capacity.  See Pennhurst State Sch. & Hosp. v.

Halderman, 465 U.S. 89, 102-06 (1997); Lawrence Livermore Nat'l

Lab., 131 F.3d at 839.

II.  Certain Claims for Injunctive Relief Must be Dismissed.

     In his claim for relief, Samonte seeks, inter alia, an order

requiring Defendants to transfer him back to Hawaii and

incarcerate him in one of three prisons of his choice: Kauai
Community Correctional Center, Hawaii Community Correctional
Center, or the Federal Detention Center.  Samonte also seeks an
order forbidding Defendants from transferring him back to Halawa
Correctional Facility, or any other prison on the Mainland.  An
inmate has no constitutional right to be housed in any particular
state.  Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983).  Nor
does a prisoner have a state-created liberty interest in
reclassification, custody level, furlough, or transfer.  Neal v.
Shimoda, 905 F. Supp. 813, 818, rev'd on other grounds, 131 F.3d
818 (9th Cir. 1997).

In addition, Samonte seeks an order allowing him to have
contact visits with his family, presumably on his return to
Hawaii.  Prisoners have no constitutional right to contact visits
or conjugal visits.  Gerber v. Hickman,  291 F.3d 617, 621-622
(9th Cir. 2002) (citing the following: Kentucky Dep't of Corrs.
v. Thompson, 490 U.S. 454, 460 (1989) (no due process right to
unfettered visitation); Block v. Rutherford, 468 U.S. 576, 585-88
(1984) (pretrial detainees have no constitutional due process
right to contact visits); Davis v. Carlson, 837 F.2d 1318, 1319
(5th Cir. 1988) (no constitutional right to conjugal visits); and
Toussaint v. McCarthy, 801 F.2d 1080, 1113-1114 (1986) (denial of
contact visits does not violate Eighth Amendment) (further
citations omitted)).  This court finds and recommends that

Samonte's requests for injunctive relief for a transfer to the prison of his choice and for an order requiring contact visitation, be dismissed.

III. Governor Lingle is Not Liable in Her Individual Capacity.

Samonte claims that Governor Lingle is liable for his claims because he "filed a complaint" with her aide, Matthew Kanehiro, by telephone one month after he arrived in Arizona and she did not respond. (Comp. at 9; Mem. in Op. at "Argument"; Pl.'s Response at ¶¶ 7 and 10.) Samonte states that Governor Lingle is responsible because "she has ultimate administrative and fiscal control of and responsibility for, among[]other state agencies, [t]he Hawaii [Department of Public Safety] and its Corrections Division." (Compl. at 4.)

There is no *respondeat superior* liability under 42 U.S.C. § 1983. Polk v. County of Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 692 (1978); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002). To state a civil rights claim against an individual defendant, a plaintiff must allege facts, not mere conclusions, showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

8

A supervisor may be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision or control of his subordinates." Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)).  The supervisor's conduct must show "deliberate indifference to the known or obvious danger [to] plaintiff[.]" See L.W. v. Grubbs, 92 F.3d 894, 900 (9th Cir. 1994).  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc).  However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Samonte alleges no facts tying Governor Lingle to his claim that he was transferred in retaliation for filing grievances, complaints with state agencies, and lawsuits against the prison and its officials.  It is also clear from the Complaint that Governor Lingle had no knowledge, prior to Samonte's transfer, of

Samonte's claims of retaliatory transfer or of any of the other alleged violations he claims occurred during that transfer. Samonte states that he was transferred to Arizona at the end of March 2005, and that he called Governor Lingle's office on April 28, 2005.  (Compl. at 8.)  He therefore alleges no facts whatsoever tying Governor Lingle to the supposedly retaliatory decision to transfer him to Arizona.  Governor Lingle's only tie to Samonte's claims are his telephone call to her office a month after his transfer, and his claims that her general responsibility as Governor for all of Hawaii's state agencies, makes her responsible for the day-to-day running of the Department of Public Safety.

To survive a motion to dismiss, Samonte must allege facts from which it could be established that Governor Lingle was personally involved and deliberately indifferent in the alleged constitutional violations, or that there was a sufficient causal connection between Governor Lingle's alleged wrongful conduct and a constitutional violation.  See Redman, 942 F.2d at 1446. Sweeping conclusory allegations will not suffice; Samonte must "set forth specific facts as to each individual defendant's" deprivation of his protected rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  This court finds that Samonte has failed to link any conduct by Governor Lingle to his allegations of constitutional violations.  The fact that he called her office

and spoke with an employee there, complaining of his alleged
retaliatory transfer, after the fact, does not establish that
link.

Samonte points to no policy or procedure implemented by
Lingle, in her position as Governor, resulting in any
constitutional violation.  There are no facts showing that
Governor Lingle personally ordered his transfer.  This court
finds that Samonte has failed to state a claim against Governor
Lingle and recommends that claims against Governor Lingle in her
individual capacity be DISMISSED, dismissing her from this
action.

**CONCLUSION**

The court FINDS and RECOMMENDS that claims against all Defendants in their official capacity be DISMISSED.  The court further FINDS that the Motion to Dismiss be GRANTED as to all claims against Governor Lingle, and that she be dismissed from this action.  Finally, the court FINDS and RECOMMENDS that Samonte's requests for injunctive relief, for a transfer to the prison of his choice and an order requiring contact visitation, be DISMISSED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, February 24, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

SAMONTE v. BAUMAN, et al., CV 05-00309 HG/KSC; FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS; dmp\ F&Rs 06\Samonte 05-507 (grt m.dsm governor)