IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAEL SAMONTE, | ) | CIV. NO. 05-00507 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO GRANT |
| | ) | IN PART AND DENY IN PART |
| CLAYTON FRANK, et al., | ) | DEFENDANTS FRANK AND |
| | ) | SHIMODA'S MOTION TO |
| Defendants. | ) | DISMISS |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART DEFENDANTS FRANK AND SHIMODA'S
MOTION TO DISMISS**

Defendants Clayton Frank and Edwin Shimoda move dismiss *pro se* Plaintiff Lael Samonte's prisoner civil rights complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  This proceeding has been referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and 636(b)(3) and Rule LR72.4 of the Local Rules of Practice of the United States District Court for the District of Hawaii.  This matter is suitable for disposition without a hearing pursuant to LR7.1(d).  For the following reasons, the court now finds and recommends that Defendants Frank and Shimoda's Motion to Dismiss should be granted in part and denied in part.

**DISCUSSION**

Samonte, a Hawaii state prisoner, is currently incarcerated at Florence

Correctional Center ("FCC"), located in Florence, Arizona.  He alleges that he was transferred to FCC in retaliation for having filed numerous inmate grievances, complaints, and civil rights lawsuits against prison officials over the past eighteen years.  Samonte alleges that Defendants have harassed and threatened him in retaliation for filing these grievances and lawsuits and ultimately transferred him out-of-state in retaliation for his filings.

Samonte states that Defendant Clayton Frank, Halawa Correctional Facility ("HCF") Warden, and Defendant Edwin Shimoda, Hawaii Department of Public Safety ("DPS") Director of Institutions Division, are liable for his claims because they were aware of his grievances and lawsuits over the years, some of which had been directed against them.  (*See* Compl. 7 ¶ ¶ 5 & 33;  Pl. Opp. 4.)[1]  Samonte also claims that Frank and Shimoda were aware of his allegedly retaliatory transfer because he grieved his transfer and they responded to those grievances.  (*See* Compl. 7 ¶ 5, 10 ¶ 33).  Samonte names Frank and Shimoda in their official and individual capacities and seeks compensatory and punitive damages, and injunctive relief.

Frank and Shimoda seek dismissal of Samonte's claims against them

---

[1] Samonte's Opposition, titled "Plaintiff's Response to Defendants Clayton Frank And Edwin Shimoda's Motion to Dismiss," is not numbered.  The court will refer to the pages as if they were consecutively numbered, pages 1-5.

claiming: (1) the Eleventh Amendment bars damages claims against them in their official capacities; (2) they are not "persons" under 42 U.S.C. § 1983 in their official capacities; (3) they had no personal involvement in Samonte claims; and (4) they are entitled to qualified immunity.

## LEGAL STANDARD

I.   <u>Rule 12(b)(6)</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted." Under Rule 12(b)(6), review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be

considered in ruling on a Rule 12(b)(6) motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitation. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

I.  The Court Has Already Recommended That Defendants in Their Official Capacities and Certain Claims For Injunctive Relief Be Dismissed.

This court has already found and recommended that *all* Defendants should be dismissed in their official capacities, and that certain claims for injunctive relief should be dismissed. *See* Findings and Recommendation to Grant Motion to Dismiss, at 6, entered Feb. 24, 2006, Docket No. 47. Accordingly, the court finds that Frank and Shimoda's Motion to Dismiss should be granted, insofar as it seeks dismissal of Defendants Frank and Shimoda in their official capacities for damage claims against them. This court has also found that Samonte's claims for prospective injunctive relief seeking transfer back to Hawaii to the prison of his choice and for contact visits with his family should be dismissed and sees no reason to revise that recommendation.

II. Claims for Retaliation Are Not Subject to Dismissal at this Time.

Frank and Shimoda argue that Samonte has alleged no personal participation

on their part in Samonte's claims for retaliation, and that they should, therefore, be dismissed from this action. They also argue that they are entitled to qualified immunity from Samonte's claims for retaliation because he has no state-created liberty interest in *not being* transferred. This court disagrees.

It is well-established that a prisoner cannot be transferred in retaliation for engaging in litigation activity or for exercising his First Amendment rights. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). First Amendment retaliation claims are cognizable under § 1983, even though prisoners generally have no liberty interest in a particular cell assignment, a job, or, as in this case, in a particular prison. *Id.* at 806. Federal courts and federal law take retaliation claims seriously. Indeed, the Ninth Circuit has held that "the prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes." *Id.* at 806 (citations omitted). The retaliation cause of action is important enough to sustain validity even though prisoners generally have no constitutionally-protected liberty interest in being held at, or remaining at, a given facility, *see Meachum v. Fano*, 427 U.S. 215 (1976) or in classification status, *see Moody v. Daggett*, 429 U.S. 78 (1976). Should retaliation occur that did not advance a legitimate penological interest nor was not narrowly tailored to achieve such goals, a section 1983 claim would lie.

Samonte alleges that Frank and Shimoda were well aware of his many lawsuits and grievances, some of which had been filed against them in particular, and that they either directed or simply allowed his allegedly retaliatory transfer to FCC despite their knowledge and ability to redress in this complaint. (*See* Compl. ¶ 8.) As such, Samonte's retaliatory transfer claims against Frank and Shimoda are cognizable and are not subject to dismissal under Fed.R.Civ. P. (12(b)(6). Nor are Frank and Shimoda entitled to qualified immunity against these claims at this time, because, whether or not Samonte has a liberty interest in remaining in a particular facility, he does have a constitutional right to be free from retaliation for exercising his First Amendment rights, and this is clearly established law in this Circuit. *Pratt*, 65 F.3d at 806.

This is not to say that these claims are not subject to further adversarial proceedings, such as a motion for summary judgment, at a later time when the record before the court is more developed. They are not, however, amenable to dismissal under Rule 12(b)(6). The court finds and recommends that Defendants Frank and Shimoda's Motion should be denied as to Samonte's retaliatory transfer claims against them.

## CONCLUSION

1.      The court FINDS and RECOMMENDS that Defendants Frank and

Shimoda's Motion to Dismiss should be GRANTED IN PART, as to damages claims against them in their official capacity.

  2. The court FINDS and RECOMMENDS that Defendants Frank and Shimoda's Motion to Dismiss should be DENIED IN PART as to Samonte's claims for retaliatory transfer against them.

  3. The court FINDS and RECOMMENDS that Defendants Frank and Shimoda's Motion to Dismiss should be DENIED IN PART as to their claim for qualified immunity.

  IT IS SO FOUND AND RECOMMENDED.

  DATED: Honolulu, Hawaii, March 21, 2006.



        _____
        Kevin S.C. Chang
        United States Magistrate Judge

SAMONTE v. BAUMAN, et al., CV 05-00507 HG/KSC; FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS; dmp\ F&Rs 06\Samonte 05-507 (Frank & Shimoda)