IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LAEL SAMONTE,                        )    CIVIL NO.  05-00507 HG-KSC
                                     )
                                     )
               Plaintiff,            )
                                     )
          vs.                        )
                                     )
                                     )
CLAYTON FRANK, SHARI KIMOTO,         )
LINDA LINGLE, Governor, SCOTT        )
JINBO, EDWIN SHIMODA, JOHN DOES      )
1-10,                                )
                                     )
               Defendants.           )
_____     )


**ORDER ADOPTING "FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT," AS MODIFIED,
AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND
DISMISSING ACTION**

Before the Court is Defendants Clayton Frank, Shari Kimoto,
Scott Jinbo, and Edwin Shimoda's Motion for Summary Judgment.
Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §
1983.  Plaintiff alleges that Defendants harassed, threatened,
and ultimately transferred him, from Halawa Correctional Facility
in Hawaii to Arizona, in retaliation for his filing of numerous
inmate grievances, complaints, and civil rights lawsuits against
prison officials during the past eighteen years.

1

The Court referred the Defendants' motion to a United States Magistrate Judge pursuant to Local Rule 72.4 and 28 U.S.C. §§ 636(b)(1)(B) and 636(b)(3).

For the reasons that follow, the Court ADOPTS the Findings and Recommendation, as modified.  The Defendants' Motion for Summary Judgment is GRANTED.  As no claims or parties remain, the action is DISMISSED.

## BACKGROUND AND PROCEDURAL HISTORY

On August 9, 2005, Plaintiff filed a complaint (Doc. 1).

On May 18, 2006, Governor Linda Lingle was dismissed from the action (Doc. 47, "Findings and Recommendation to Grant Motion to Dismiss," adopted May 18, 2006, Doc. 59).  Damages claims against all Defendants in their official capacities, and most of Plaintiff's claims for injunctive relief were dismissed (Doc. 47 at 6-8).

On October 10, 2006, Defendants Frank, Kimoto, Jinbo, and Shimoda ("Defendants") filed a Motion for Summary Judgment and Separate Concise Statement of Material Fact (Doc. 69, 71).

On November 15, 2006, Plaintiff filed an Opposition to the motion (Doc. 79).

On November 21, 2006, Plaintiff filed a document entitled "Plaintiff's Response to Defendants Frank, Kimoto, Lingle, Jinbo, and Shimoda's Concise Statement of Material Facts" (Doc. 90).

On December 26, 2006, Defendants filed a Response (Doc. 92).

On December 28, 2006, the Magistrate Judge issued a "Findings and Recommendation to Grant Defendants' Motion for Summary Judgment" (Doc. 93) ("December 28, 2006 F&R").

The deadline to file objections to the December 28, 2006 F&R was set for January 12, 2007 (Doc. 93).

On January 16, 2007, Plaintiff filed a Motion for an Extension of Time to File Objections (Doc. 97).

On January 17, 2007, the Court granted Plaintiffs' motion for extension of time (Doc. 98), giving Plaintiff until February 16, 2007 to file Objections.

On January 23, 2007, Plaintiff filed Objections to the December 28, 2006 F&R (Doc. 101).

Defendants have not responded.

The Court ADOPTS the relevant background as set forth in the December 28, 2006 F&R.  That background is not recounted here.

## STANDARD OF REVIEW

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim.  Fed. R. Civ. P. 72(b).  If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made.  See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b).  The district court may accept, reject, or modify, in whole or in

3

part, the findings and recommendations made by the magistrate
judge, or recommit the matter to the magistrate judge with
further instructions.  <u>Raddatz</u>, 447 U.S. at 673-74.

De novo review means the district court must consider the
matter anew, as if it had not been heard before and as if no
decision previously had been rendered.  <u>See</u> <u>Ness v. Commissioner</u>,
954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must
arrive at its own independent conclusion about those portions to
which objections are made, but a de novo hearing is not required.
<u>United States v. Remsing</u>, 874 F.2d 614, 617-18 (9th Cir. 1989).

<u>**ANALYSIS**</u>

**I.   Plaintiff's Objections to the Findings and Recommendation**

Plaintiff makes nine objections to the December 28, 2006
F&R.  He contends that:

(1)   Plaintiff was not provided with notice of the hearing
      on Defendants' Motion for Summary Judgment;

(2)   Plaintiff was not informed of the ten days within which
      he must object to the F&R;

(3)   The Motion for Summary Judgment, a dispositive motion,
      was improperly referred to the Magistrate Judge;

(4)   Defendants Kimoto and Jinbo are "persons" subject to
      liability in their official capacities pursuant to
      Section 1983;

(5)   Defendants Frank, Shimoda and Jinbo are subject to

4

supervisory liability pursuant to Section 1983;

(6)   Plaintiff's remaining claim for injunctive relief should not be dismissed;

(7)   Defendants' Motion for Summary Judgment should not be granted as to Plaintiff's claim for retaliatory transfer;

(8)   Defendants are not entitled to qualified immunity; and

(9)   the John Doe Defendants should not be dismissed.

Objections four through nine reiterate the arguments Plaintiff made in his Opposition to the Motion for Summary Judgment.

### 1.   *The Magistrate Judge Did Not Conduct a Hearing on the Motion for Summary Judgment*

Plaintiff asserts that the hearing on Defendants' Motion for Summary Judgment was scheduled for January 4, 2007.  He contends that the Magistrate Judge held the hearing on December 28, 2006 without providing Plaintiff notice of the new, earlier hearing date.

The Magistrate Judge, pursuant to Local Rule 7.2(d), determined that the matter was suitable for disposition without hearing.  The Magistrate Judge did not conduct a hearing on the matter on December 28, 2006, or at any time.  The Magistrate Judge is not required to give notice that the matter shall be decided without hearing.

**2.   *Plaintiff Was Given an Extension to File Objections***

Plaintiff states that he was never provided notice of the ten days within which he was required to file Objections to the December 28, 2006 F&R.  Objections to the December 28, 2006 F&R were due on January 12, 2007 (Doc. 93).

On January 16, 2007, Plaintiff filed a motion requesting an extension of time to file Objections (Doc. 97).  On January 17, 2007, the Court granted this request, giving Plaintiff until February 16, 2007 to file Objections (Doc. 98).

Plaintiff was not harmed by any alleged failure to provide notice.  Even if Plaintiff did not receive notice of the time in which objections had to be filed, he was granted an extension that gave him forty-nine (49) days from the issuance of the December 28, 2006 F&R to object.  He filed Objections, which the Court is now addressing, within that time.

**3.   *The Court Properly Referred the Motion for Summary Judgment to the Magistrate Judge***

Plaintiff objects to the district court's referral of the motion for summary judgment to the magistrate judge.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4, a district court judge may designate a motion for summary judgment to a magistrate judge.  The magistrate judge submits a proposed findings of fact and recommendation for ruling on the motion for summary judgment to the district court for decision.   28 U.S.C. § 636(b)(1)(B); Local Rule 72.4.

Defendants' motion in this case was properly referred to the Magistrate Judge.

### 4. *Damage Claims Against Kimoto and Jinbo in Their Official Capacities Were Previously Dismissed by the Court*

Plaintiff objects to the Magistrate Judge's finding that Kimoto and Jinbo, when acting in their official capacities, are not persons for purposes of Section 1983 liability.  Plaintiff made this same argument in his Opposition to the Motion for Summary Judgment.  The Magistrate Judge considered and articulated the reasons for rejecting Plaintiff's argument.

State officials acting in their official capacities are not persons for purposes of Section 1983.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989).

The Court ADOPTS the Magistrate Judge's recommendation that Defendants be granted summary judgment for all claims for damages against them in their official capacities.

### 5. *Defendants Frank, Shimoda, and Jinbo Are Not Subject to Supervisory Liability Pursuant to Section 1983*

Plaintiff objects to the Magistrate Judge's finding that Frank, Shimoda, and Jinbo are not subject to supervisory liability pursuant to Section 1983.  Plaintiff made this same argument in his opposition to the motion for summary judgment. The Magistrate Judge considered and articulated reasons for rejecting Plaintiff's arguments.

Plaintiff now cites facts from Defendants' October 10, 2006 Separate Concise Statement of Material Facts, the declarations of the parties attached thereto, and the Defendants' response to a motion to compel discovery to support his argument that Defendants are subject to supervisory liability.  The facts cited in Plaintiff's objection to the December 28, 2006 F&R are the same facts cited in his opposition to the motion for summary judgment.  Plaintiff fails to cite any facts that demonstrate Defendants' personal participation in his transfer.

Supervisory Defendants are only liable pursuant to Section 1983 if they personally participated in the deprivation of a constitutional right or if there was a sufficient causal connection between the alleged wrongful conduct and the violation.  Mackinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995).  Mere general responsibility for supervising the operation of a prison is insufficient to establish that an individual personally participated in a constitutional deprivation.  Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987).

For the reasons stated by the Magistrate Judge, the Court finds that Plaintiff's conclusory allegations regarding Frank, Shimoda, and Jinbo's involvement in his transfer are insufficient to establish  personal liability (December 28, 2006 F&R at 18-22).

The Court ADOPTS the Magistrate Judge's recommendation that

8

Defendants' motion for summary judgment be granted as to Plaintiff's claims against Frank, Shimoda, and Jinbo in their individual capacities.

      **6.**    ***Plaintiff Has Failed to Present a Genuine Issue of Material Fact as to His Request That the Court Order Defendants to Call Him by His "New Name"***

Plaintiff objects to the Magistrate Judge's recommendation that his claim for injunctive relief, a request for a court order that Defendants call him by his "new name," be dismissed. Plaintiff fails to point to any caselaw or additional facts or evidence to support his objection.

As explained by the Magistrate Judge, Plaintiff's request for a court order that Defendants call him by his "new name" is moot because Plaintiff has been transferred from the facility where Defendants work (December 28, 2006 F&R at 7).

For the reasons set forth by the Magistrate Judge, the Court finds that Plaintiff has failed to present a genuine issue of material fact regarding his request that the Court order Defendants to call him by his "new name."

The Court ADOPTS the Magistrate Judge's recommendation that Defendants' motion for summary judgment be granted as to Plaintiff's request for injunctive relief that the Court order Defendants to call him by his "new name."

**7.   *Defendant Has Failed to Contradict Evidence Demonstrating a Legitimate Penological Justification for His Transfer***

Plaintiff objects to the Magistrate Judge's recommendation that Defendants' motion for summary judgment be granted as to Plaintiff's retaliation claim.  He cites no caselaw or additional evidence to support his argument.

Instead, Plaintiff's filing contains a laundry list of facts and assertions made by Defendant Kimoto in various Declarations that were presented in support of Defendants' Motion for Summary Judgment.  Plaintiff makes conclusory allegations that the facts and assertions in Kimoto's Declarations are untrue.  Plaintiff alleges, without support, that Kimoto committed perjury in her Declarations.  Plaintiff attempts to contradict the Defendants' claim that Plaintiff was transferred for legitimate penological reasons.  Plaintiff's conclusory allegations that Kimoto's Declarations are untrue are insufficient to demonstrate that the transfer was not motivated by a legitimate penological purpose.

For the reasons set forth in detail in the December 28, 2006 F&R, the Court finds that Plaintiff has failed to present a genuine issue of material fact to contradict the evidence on the record that demonstrates that he was transferred for legitimate penological reasons; in response to overcrowding at the prison and due to his eligibility for such transfer (December 28, 2006 F&R 11-17).

10

The Court ADOPTS the Magistrate Judge's recommendation that Defendants' motion for summary judgment be granted as to Plaintiff's retaliation claim.

### 8. *Defendants Are Entitled to Qualified Immunity*

Plaintiff objects to the Magistrate Judge's finding that Defendants are entitled to qualified immunity. Plaintiff advanced the same argument in his opposition to the motion for summary judgment.

As stated by the Magistrate Judge, Defendants are entitled to qualified immunity if the facts alleged by the Plaintiff fail to show that the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). As explained above, Plaintiff failed to present a genuine issue of fact to contradict Defendants' evidence that there was a legitimate penological reason for Plaintiff's transfer. Plaintiff has failed to establish a retaliation claim or any constitutional violation. Defendants are entitled to qualified immunity.

For the reasons set forth in detail by the Magistrate Judge, the Court finds that Plaintiff has failed to demonstrate that Defendants violated his constitutional rights.

The Court ADOPTS the Magistrate Judge's finding that Defendants are entitled to qualified immunity.

### 9. *The John Doe Defendants Are Dismissed*

Plaintiff objects to the Magistrate Judge's recommendation

that the John Doe Defendants be dismissed.  In his filing,
Plaintiff provides names of additional defendants (Doc. 101 at 6-
7), presumably in an effort to name the Doe Defendants.

As the Magistrate Judge correctly notes, even if Plaintiff
amends his complaint to identify the Doe Defendants, there has
been no retaliatory transfer and Defendants are entitled to
summary judgment (December 28, 2006 F&R at 24).

The Court ADOPTS the Magistrate Judge's recommendation that
the John Doe Defendants be dismissed.

## II.  Modifications to the F&R

In accordance with the foregoing, the December 28, 2006 F&R
is ADOPTED as the opinion and order of this Court, with the
following modifications:

1.  On page 1, paragraph 1, line 11, "LR 7.1(d)" is
    replaced with "LR 7.2(d)".

2.  On page 4, first full paragraph, line 8, "56©" is
    replaced with "56(c)".

3.  On page 5, first full paragraph, line 2, "56©" is
    replaced with "56(c)".

4.  On page 12, first full paragraph, line 7, "( plaintiff
    bears" is replaced with "(plaintiff bears".

5.  On page 12, footnote 6, line 7, "*Samonte v. Sumner*" is
    replaced with "*Samonte v. Sumner, et al.*".

6.  On page 12, footnote 6, line 16, "(*See* Mot., Kimoto
    Dec., Ex.)" is replaced with "(*See* Mot., Kimoto Dec. ¶¶
    15d, 15e)".

7.  On page 13, continued paragraph, line 3, "(9th
    Cir.1985)" is replaced with "(9th Cir. 1985)".

12

8.  On page 15, paragraph 1, lines 12-13, the quotes are removed from the statement, "Circumstantial evidence of intent is sufficient to survive summary judgment motion".

9.  On page 15, paragraph 1, line 15, "(9th Cir.1997)" is replaced with "(9th Cir. 1997).

10. On page 16, footnote 7 is deleted and replaced with: "*See* (1) *Samonte v. Bauman*, et al., Civ. No. 05-00309, filed May 6, 2005; (2) *Samonte v. Sumner, et al.*, Civ. No. 05-00353, filed May 26, 2005; (3) *Samonte v. Frank, et al.*, Civ. No, 05-00507, filed August 9, 2005; (4) *Samonte v. Bennett, et al.*, Civ. No. 05-00545, filed August 22, 2005; (5) *Samonte v. Ahn, et al.*, Civ. No. 06-00122, filed February 27, 2006; (6) *Samonte v. Beaver, et al.*, Civ. No. 06-00257, filed May 10, 2006; (7) *Samonte v. Ancheta*, et al., Civ. No. 06-00282, filed May 19, 2006; and (8) the present action."

11. On page 17, first full paragraph, in line 5, "his" is added between the words "that" and "transfer".

12. On page 21, continued paragraph, line 3, "Compl.8 ¶ 10.)" is replaced with "Compl. ¶ 10)".

## III. The Court Adopts, as Modified, the Portions of the F&R to Which No Objections Have Been Raised

The Court is satisfied that there is no clear error with respect to the portions of the December 28, 2006 F&R to which no objections have been raised.  See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) (citations omitted) (stating that a district court may accept those portions of the F&R that are not objected to if it is satisfied that there is no clear error on the face of the record).  The Court ADOPTS, as modified, the portions of the December 28, 2006 F&R to which no objections have been raised.

13

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS the December 28, 2006 "Findings and Recommendation to Grant Defendants' Motion for Summary Judgment," (Doc. 93) as modified.

IT IS HEREBY ORDERED:

1.    Defendants' Motion for Summary Judgment is GRANTED.

2.    All claims for damages against Defendants in their official capacities are DISMISSED in accordance with the Court's prior order.  Defendants' motion for summary judgment is GRANTED as to all claims for damages against Defendants in their official capacities.

3.    Plaintiff's remaining claim for injunctive relief is DISMISSED.

4.    Plaintiff failed to present a genuine issue of material fact that his transfer was not motivated by a legitimate penological purpose.  Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's retaliation claim.

5.    Defendants Frank, Shimoda, and Jinbo were not personally involved in Plaintiff's transfer. Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's claims against Frank, Shimoda, and Jinbo in their individual capacities.

14

6.   All Defendants are entitled to qualified immunity.

7.   The John Doe Defendants are DISMISSED.

8.   As no claims or parties remain, the action is

DISMISSED.

DATED:  Honolulu, Hawaii, February 12, 2007.



_____
                /S/ Helen Gillmor
Helen Gillmor
Chief United States District Judge

_____
Civil No. 05-00507 HG-KSC; Lael Samonte v. Clayton Frank, et al.;
Order Adopting "Findings and Recommendation to Grant Defendants'
Motion for Summary Judgment," as Modified, and Granting
Defendants' Motion for Summary Judgment and Dismissing Action