IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAEL SAMONTE,<br><br>Plaintiff,<br><br>vs.<br><br>CLAYTON FRANK, et al.,<br><br>Defendants. | ) | CIV. NO. 05-00507 HG-KSC<br><br><br><br>ORDER DENYING MOTION TO CORRECT FILING FEES |

**ORDER DENYING MOTION TO CORRECT FILING FEES**

*Pro se* Plaintiff Lael Samonte has filed a Motion to Correct Filing Fees. Samonte protests the manner in which prison officials are now garnishing funds in his prison trust account to satisfy this court's orders granting Samonte *in forma pauperis* ("IFP") status and directing collection and payment of filing fees when funds are available in several of his prisoner civil rights actions.[1] *See* 28 U.S.C. § 1915(b). Samonte asks that the funds be withdrawn sequentially, rather than simultaneously, so that he may retain some of his funds for commissary and other purchases.

The court set a non-hearing briefing schedule for the

[1] Although Samonte has been subject to payment of filing fees for filing his actions for several years, the Department of Public Safety has only recently begun deducting partial payments from Samonte's account to satisfy his financial obligations, as ordered by the court.

parties in this matter and Defendants have filed a response to Samonte's Motion. Samonte has not filed a reply. After reviewing the parties' briefs, the court finds this matter is suitable for disposition without a hearing pursuant to LR7.1(d). After consideration of the Motion, Defendants' response, and case law in this and other circuits, the court DENIES Samonte's Motion to Correct Filing Fees.

## I. Legal Standard

Section 1915(b)(1) of the PLRA provides:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (2000). Samonte is specifically challenging the Hawaii Department of Public Safety's interpretation of § 1915(b)(2), which provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the

> preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2) (2000). The Department of Public Safety has recently begun withdrawing twenty percent of Samonte's monthly income for each of his outstanding fee obligations.

## II. BACKGROUND

Samonte is no stranger to this court. Since the Prison Litigation Reform Act of 1995 ("PLRA") was enacted he has filed nine prisoner civil rights actions in this court which were subject to its filing fee payment requirements, as well as several habeas petitions.[2] Although Samonte states that he has "incurred five or six filing fees in five or six different lawsuits," he actually has outstanding fee liabilities in eight actions. In two of these suits Samonte paid the filing fee either when he commenced his action or after his IFP request was denied. *See Samonte v. Bauman*, Civ. NO. 05-00309 HG (partial fee

[2] *See Samonte v. Lau*, Civ. No. 98-00582 SOM; *Samonte v. Sakai*, et al., Civ. No. 02-00626 DAE; *Samonte v. Bauman, et al.*, Civ. No. 05-00309 HG; *Samonte v. Sumner, et al.*, Civ. No. 05-00353 SOM; *Samonte v. Frank, et al.,* Civ. No. 05-00507 HG; *Samonte v. Maglinti, et al.,* Civ. No. 05-00598 SOM; *Samonte v. Ahn, et al.*, Civ. No. 06-00122 HG; *Samonte v. Beaver, et al.*, Civ. No. 06-00257 JMS; *Samonte v. Ancheta*, Civ. No. 06-00282 DAE. Samonte also filed several actions prior to the PLRA's enactment, but those cases are not at issue here.

of $150 paid on May 6, 2005, balance paid on May 16, 2005, appealed, no payment made on appeal); *Samonte v. Lau, et al.*, Civ. No. 98-00582 SOM (IFP denied Jul. 23, 1998, $150 filing fee paid Aug. 6, 1998, no appeal).

In his remaining cases, and when his cases have incurred appellate filing fees, however, Samonte's payment history has been less diligent. The following is a summary of payments received by the court in Samonte's actions:

1. ***Samonte v. Sakai*, et al., Civ. No. 02-00626 DAE**: Samonte neither sought IFP nor paid the $150 filing fee for this action. He voluntarily dismissed the case on Jan. 3, 2003, without any payment received by the court. **Although Samonte owes $150 in this action, he has never been ordered to pay this amount.**

2. ***Samonte v. Bauman, et al.*, Civ. No. 05-00309 HG**: Samonte did not seek IFP; he paid $150 on May 6, 2005, and $105 on May 16, 2005, for an **overpayment of $5**. Samonte was granted IFP on appeal and ordered to pay the $455 appellate filing fee, which he has not done, to date. **Samonte therefore owes $450 in this action.**

3 ***Samonte v. Sumner, et al.*, Civ. No. 05-00353 SOM**: Samonte paid $150 on Jul. 8, 2005, and $250 on Aug. 5, 2005, for a total payment of $400 (**overpayment of $150**). Samonte appealed on Mar. 1, 2007; the appeal was dismissed for failure to prosecute and this court has no record that the Court of Appeals ever ordered payment of the $455 appellate filing fee, although payment is normally required to commence an appeal. It is therefore **unclear whether Samonte owes money in this case**.

4. ***Samonte v. Frank, et al.*, Civ. No. 05-00507 HG**: IFP was granted on Oct. 17, 2005. A first payment of $30 was received on Aug. 20, 2007. Samonte appealed and

requested IFP on appeal. The appeal was dismissed on Aug. 2, 2007 for Samonte's failure to pay the $455 filing fee. **Samonte owes $220** for his district court filing fees **and $455** for his appellate fee in this case.

5. ***Samonte v. Maglinti, et al.*, Civ. No. 05-00598 SOM**: IFP was granted on Sep. 26, 2005. On Nov. 11, 2005, the court received $34.92, on Nov. 14, 2005, the court received $180.16, and on Aug. 20, 2007, the court received $30, for a total payment of $245.08. Samonte did not appeal. **Samonte owes $4.82**.

6. ***Samonte v. Ahn, et al.*, Civ. No. 06-00122 HG**: IFP was granted on Mar. 1, 2006, for the $250 filing fee. No payments have been received to date. Samonte did not appeal. **Samonte owes $250** in this action.

7. ***Samonte v. Beaver, et al.*, Civ. No. 06-00257 JMS**: IFP was granted on May 16, 2006, for the $350 filing fee. On Jul. 23, 2007, the court received $10, and on Aug. 20, 2007, the court received $24, for a total payment of $34. Samonte did not appeal. **Samonte owes $316** in this case.

8. ***Samonte v. Ancheta*, Civ. No. 06-00282 DAE**; IFP was granted May 26, 2006, $350 owed. Samonte appealed and was informed $455 would be due. On Jul. 23, 2007, the court received $10. On Nov. 24, 2006, the appeal was dismissed for Samonte's failure to pay the appellate filing fee. **Samonte** therefore **owes $340** for district court filing fees and **$455** for appellate fees.

Deducting the amount that Samonte has overpaid ($155) from the amounts owed, and liberally forgiving those fees in cases where it appears that, although Samonte was required to pay, he was never explicitly ordered to do so, it appears that Samonte owes **$975.82** in district court filing fees and **$1365** in appellate court fees, for a **total of $2340.82.**

**III. DISCUSSION**

Samonte states that he is unable to make any commissary purchases because his prison trust account has been frozen to pay his outstanding filing fee balances. In a question of first impression in this district, Samonte argues that his fees should be deducted sequentially, case-by-case, rather than simultaneously for all of his outstanding obligations, as the Department of Public Safety has elected to do. Another way of phrasing this issue, is whether an inmate's filing fees should be assessed per case (sequentially), or per prisoner (simultaneously). *See Newlin v. Hamlin*, 123 F.3d 429, 436 (7th Cir. 1997). In support of his Motion, Samonte cites a Second Circuit appellate ruling, wherein the court found that prisoner payments for multiple filing fee obligations should be deducted sequentially by case rather than simultaneously per prisoner. *See Whitfield v. Scully*, 241 F.3d 264, 277 (2d Cir. 2001). There is a split of authority in the circuit courts regarding this issue, although the Ninth Circuit Court of Appeals has not yet ruled on this issue.

In *Whitfield*, the Second Circuit determined that under § 1915(b)(2), filing fees should be collected sequentially, prohibiting the prison from assessing more than 20 percent of an indigent prisoner's monthly income, regardless of the number of

lawsuits that inmate has filed. *See Whitfield*, 241 F.3d at 277. When an inmate has filed several actions, the court decided that each filing fee should be fully-satisfied in sequence in the order it was incurred. In reaching this result, the Second Circuit reasoned that "the simultaneous collection of multiple encumbrances could potentially expose 100 percent of a prisoner's income to recoupment." *Id.* at 276. The Second Circuit was concerned that such a result could "pose a serious constitutional quandary as to whether an unreasonable burden has been placed on the prisoner's right of meaningful access to the courts." *Id.* at 277. Stating that a court should "avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question," *Whitfield* held that under § 1915(b)(2), filing fees should be paid sequentially at a constant rate of 20 percent of the prisoner's income. *Id.* (allowing, however, 40 percent of an inmate's income to be collected when also assessing costs in the same action against the inmate under § 1915(f)); *see also Lafauci v. Cunningham*, 139 F. Supp.2d 144, 147 (D. Mass. 2001) (finding that simultaneous collection of filing fees raises serious constitutional concerns because "an inmate owing five or more fees would have no income for postage, copying paper, envelopes, writing utensils, etc.").

Several circuits addressing this question have reached a different conclusion. In *Newlin v. Helman*, the Seventh Circuit considered a case where the prisoner protested simultaneous orders to pay both his outstanding district court filing fee and his appellate court filing fee. 123 F.3d 429 (7th Cir. 1997), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Reasoning that, just as a complaint and an appeal can produce two strikes against one prisoner for one case, so too should the district and appellate fees aggregate for payment purposes in one case. "Otherwise a prisoner could file multiple suits for the price of one, postponing payment of the fees for later-filed suits until after the end of imprisonment (and likely avoiding them altogether)." 123 F.3d at 436. The court concluded that, if a prisoner files five cases, whether district or appellate, he willingly incurred the risk of having his entire monthly income garnished until the fees are paid. *Id.*

In *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609 (8th Cir. 1998) the Eighth Circuit Court of Appeals reached a similar conclusion, finding that, "[b]ecause the PLRA fee provisions were designed to require prisoners to bear financial responsibility for each action they take, the twenty-percent rule should be applied per case." *Id.* at 612.

Similarly, in *Atchison v. Collins*, the Fifth Circuit

agreed with the Seventh and Eighth Circuits and held that § 1915(b)(2) mandates that prisoners pay twenty percent of their monthly income per case. 288 F.3d 177, 180 (5th Cir. 2002). The court noted that, in order to read the statute consistently, § 1915(b)(2), which requires twenty percent monthly payments, should correspond with § 1915(b)(1), in which the initial partial filing fee is imposed in *each* case, not just once per prisoner, regardless of the number of suits filed. *Id.* at 180-81. The Fifth Circuit concluded that the statute, read as a whole, authorizes a court to collect an initial fee, and directs that same court to collect twenty percent of a prisoner's income for monthly payments, irrespective of the number of suits the prisoner has already initiated. *Id.* at 181. The *Atchison* court stated that, to read the statute otherwise, would create "absurd results." *Id.*

One example of such a result, would be when a prisoner files suits in multiple district courts. Reading the statute to allow only a sequential payment of fees per prisoner would result in confusion over *which* district court would be permitted to collect the twenty percent monthly payment first. *See id.* This example is particularly compelling for Hawaii prisoners, because many of them are incarcerated on the Mainland. Samonte, for example, is housed in Arizona, although the cases at issue here

were all filed in Hawaii. If Samonte were to now file suit in Arizona, and if § 1915(b)(2) permitted only twenty percent of his income to be deducted per month for filing fees, it would be impossible for both district courts to receive the required 20 percent monthly payments in his cases. *See id.* This also creates an additional burden on prison officials, who would be required to constantly monitor a prisoner's filing fee obligations, to determine which case was filed first in which district court, and in which case the next sequential fees should be deducted. This determination becomes more complicated when a prisoner files an appeal. Should the appellate fee obligation in an earlier-filed case trump a district court fee obligation incurred after the first case was commenced in the district court but before the appeal was filed?

The Fifth Circuit also found that no "serious constitutional questions [are] raised" by a per case collection of fees under § 1915(b) because "indigent persons have no constitutional right to proceed in forma pauperis" and "states are constitutionally bound to provide [prisoners] with the necessities of life." *Id.* citing *M.L.B. v. S.L.J.*, 519 U.S. 102, 119 (1996).

This Court is convinced that the per case rule, or the simultaneous deduction of fees, is the better reasoned approach.

First, reading the statute as a whole, it is apparent that the per case basis of fee collection is more closely aligned with the language and intent of the statute. A per case basis tracks with § 1915(b)(1)'s initial partial filing fee provisions. Moreover, as the *Newlin* court noted, requiring a per case collection of fees comports with the PLRA's stated goals of requiring prisoners to pay for their actions and reducing frivolous prisoner litigation. *See Newlin*, 123 F.3d at 436.

Further, this court cannot agree that collecting funds from an indigent prisoner's account, even to the point that a prisoner's funds are completely depleted, would impact that inmate's right of access to the court. As the U.S. District Court for the Southern District of California recently noted when adopting a simultaneous payment system, "'[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them.'" *Hendon v. Ramsey*, 478 F. Supp.2d 1214, 1220 (S.D. Cal. 2007), *quoting Bounds v. Smith*, 430 U.S. 817, 824-25 (1977). This is certainly true in the District of Hawaii, where the Hawaii Department of Public Safety routinely authorizes payment of indigent inmates' routine litigation expenses, such as for postage and copying fees, to be repaid from the inmate trust account when funds

become available. *See* Department of Public Safety, Policies & Procedures Manual, Policy No. 493.02.12 (4.5)(b)(2)(b) at 5-6 (Feb. 2, 1993).

The only remaining concern here is that Samonte alleges that the funds in his prison trust account have been "frozen" until all of his filing fee obligations are satisfied, and that he is therefore unable to purchase any personal commissary items. Defendants dispute this, stating that their policy is to only withdraw fees when an inmate's balance exceeds ten dollars, and that they do not debit an inmate's account below the ten dollar threshhold. (*See* Read Dec. ¶¶ 4-6).

While the cases discussed above, approving the simultaneous, per case fee system, suggest that an inmate's account can be fully-depleted to pay numerous filing fees, this Court cannot agree that full-depletion comports with the intent of § 1915. *See e.g.*, *Newlin*, 123 F.3d at 436; *Hendon*, 478 F. Supp.2d. at 1217. First, the statute states that twenty per cent payments should only be deducted when the inmate's account "exceeds $10," suggesting that a minimum of $10 should remain at the inmate's disposal. Second, it is well-settled that indigent litigants proceeding in forma pauperis should not be deprived of their "last dollar," *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948), or the very "necessities of life," *Potnick*

*v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983). By ensuring that a minimum of ten dollars remains in Samonte's prison trust account, the Department of Public Safety is complying with these dictates.[3]

Moreover, Defendants provide evidence that in November 2005, Samonte attempted to circumvent the payment requirements of the PLRA by instructing his sister, who regularly deposited money into his account, to henceforward make deposits into another inmate's account, with whom Samonte had an arrangement to surreptitiously recover the funds. (*See* Defs.' Ex. A & B.) Defendants provide a transcript of a telephone call between Samonte and his sister detailing this scheme. (Defs.' Ex. B.) The Department of Public Safety conducted an investigation of this incident at the time, although Defendants do not provide the Departments ultimate resolution of the matter.

Since November 2005, when Samonte apparently concocted this scheme, he had numerous cases in which he was either already proceeding in forma pauperis, or was later granted in forma

---

[3] Of course, what constitutes the "necessities of life" for prisoners, for whom most of these necessities, such as food, clothing, toiletries, etc., are paid for by the prison, is debatable. *See In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989); *Stehouwer v. Hennessey,* 841 F. Supp. 316, 322 (N.D. Ca. 1994). As an inmate, the State of Hawaii provides Samonte with his basic necessities.

pauperis.[4] Had Defendants informed the court of their investigation, it is likely that Samonte's in forma pauperis status would have been revoked and his actions may have been dismissed. *See* 28 U.S.C. § 1915(e)(2)(A) (mandating dismissal of a "case at any time if the court determines that — (A) the allegation of poverty is untrue).[5] It is also at the discretion of the court whether such dismissal is with or without prejudice. *See Mathis*, 133 F.3d at 548. At least one judge in this district has dismissed a prisoner action with prejudice for filing a fraudulent in forma pauperis application. *See Boyd v. Espinda*, Civ. No. 00-00304 SOM (Nov. 9, 2000, adopting magistrate's findings and recommendation to revoke IFP and dismiss action with prejudice). As Samonte's actions have all concluded, however,

---

[4] See *Samonte v. Sumner, et al.*, Civ. No. 05-00353 SOM, IFP granted 7/12/2005; *Samonte v. Frank, et al.,* Civ. No. 05-00507 HG, IFP granted 10/17/2005; *Samonte v. Maglinti, et al.,* Civ. No. 05-00598 SOM, IFP granted 9/26/2005; *Samonte v. Ahn, et al.*, Civ. No. 06-00122 HG, IFP granted 3/1/2006; *Samonte v. Beaver, et al.*, Civ. No. 06-00257 JMS, IFP granted 5/16/2006; *Samonte v. Ancheta*, Civ. No. 06-00282 DAE, IFP granted 5/26/2006.

[5] *See e.g., Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998) (dismissing action *with prejudice* for filing fraudulent in forma pauperis request); *Romesburg v. Trickey*, 908 F.2d 258, 259-60 (8th Cir. 1990)(same); *Dawson v. Lennon*, 797 F.2d 934, 935-36 (11th Cir. 1986)(same); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983)(per curiam); *Harris v. Cuyler*, 664 F.2d 388, 389-91 (3rd Cir. 1981); *Bell v. Dobbs International Service,* 6 F. Supp.2d 863 (E.D. Mo. 1998); *Witherspoon v. Roadway Express, Inc.*, 782 F. Supp. 567 (D. Kan. 1992).

this is no longer an option.

In light of the foregoing, this Court concludes that the Department of Public Safety may continue to withdraw funds from Samonte's account on a simultaneous, "per case" basis, allowing a minimum of $10 to remain in his account. Accordingly, IT IS HEREBY ORDERED that Samonte's Motion to Correct Fees is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 27, 2007.




**_/s/ Helen Gillmor_________________**

Chief United States District Judge

*Samonte v. Frank, et al.*, Civ. No. 05-00507 HG-KSC; ORDER DENYING MOTION TO CORRECT FILING FEES; dmp\non-disp ords 06\Samonte 05-507 (corr. filing fees)